UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING,

　　Plaintiff,

　　v.

GEORGE JONES EXCAVATING, L.L.C.,

　　Defendant.

Civil Action No. 14-404 (JDB)

## MEMORANDUM OPINION AND ORDER

　　In March 2014 Michael Fanning, in his capacity as the CEO of a multi-employer pension fund, filed this action against George Jones Excavating, L.L.C., which he alleged had failed to make contractually required pension contributions. Roughly five weeks later, the parties reached an agreement to settle their dispute. Pursuant to that agreement, Fanning filed a motion asking the Court to enter a consent judgment against George Jones in the amount of $48,656.70 and to close the case. See Pl.'s Consent Mot. [ECF No. 8]. But—rightly or wrongly—that is not what the Court did. Instead, observing that "[u]nder Fed. R. Civ. P. 41(a)(1)(A), plaintiff[] may dismiss the action without a court order by filing a notice or stipulation of dismissal," the Court dismissed the case and also dismissed as moot Fanning's motion for entry of judgment. Apr. 25, 2014 Order [ECF No. 9]. Fanning did not contest that disposition at the time.

　　Now, more than a year later, however, Fanning has filed a motion seeking relief from that order. It appears that George Jones stuck to the settlement agreement's payment schedule for a while, but in April 2015 the checks stopped. Fanning would like to execute upon the judgment the parties agreed to, but he faces a problem: the Court never entered that judgment. Invoking only Federal Rule of Civil Procedure 60(a), Fanning asks the Court "to correct the [dismissal]

1

Order to include the agreed-upon consent judgment language," which Fanning describes as "mistakenly omitted." Pl.'s Mem. [ECF No. 10-1] at 3.

The Court is sympathetic to Fanning's request, but relief under Rule 60(a) is unavailable here. Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The rule's limitation to "clerical" mistakes and those arising from "oversight and omission" means that it cannot be used to change the substance of an order or judgment. As one leading treatise puts it, "a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2854 (3d ed. 2012). Or in the words of another, "Rule 60(a) applies when the record indicates that the court intended to do one thing but, by virtue of a clerical mistake or oversight, did another." 12 Moore's Federal Practice § 60.11[1][a] (3d ed. 2015). Nothing suggests the Court intended to enter the parties' proposed judgment but accidentally forgot to do so. On the contrary, the Court's dismissal order reflects a conscious decision to dismiss the action rather than enter judgment against George Jones. If the Court erred, it was an error of substance, not expression—and is therefore beyond the reach of Rule 60(a).

But not necessarily beyond correction. Rule 60(b) authorizes substantive relief from judgments and orders in certain circumstances. Unfortunately, because more than a year has passed since the Court's order, subsections (b)(1) through (b)(3) cannot be invoked. See Fed. R. Civ. P. 60(c)(1). Of the remaining three subsections, only (b)(6) appears potentially applicable. Relief under (b)(6), however, "is appropriate only in 'extraordinary circumstances,'" Kramer v. Gates, 481 F.3d 788, 790 (D.C. Cir. 2007), which are not so clearly present here that the Court is

willing to invoke the provision sua sponte.  But the Court will certainly entertain a future motion that argues that the standard has been met (or that another portion of Rule 60(b) is applicable).  Hence, although the Court is constrained to deny Fanning's present motion, it is open to other arguments that might lead to the relief he seeks.

For the foregoing reasons, it is hereby **ORDERED** that [10] Fanning's motion for relief from order is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  December 7, 2015